KATHLEEN M. LUCAS (CSB 80339)
ALISHA S. MEYER (CSB 300239)
THE LUCAS LAW FIRM
354 Pine Street, Fourth Floor
San Francisco, CA 94104
Telephone: (415) 402-0200
Facsimile: (415) 402-0400
Email: klucas@lucaslaw.net
       asmeyer@lucaslaw.net

Attorneys for Plaintiff
CATHERINE M. BEARDSLEY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| CATHERINE M. BEARDSLEY, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>ORACLE CORPORATION, a corporation, ORACLE FINANCIAL SERVICES SOFTWARE, INC., a corporation, and Does 1-25, inclusive,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT AND FOR INJUNCTIVE RELIEF**<br><br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This case of employment discrimination and harassment arises from the wrongful termination of employment and treatment CATHERINE M. BEARDSLEY received during her employment with ORACLE FINANCIAL SERVICES SOFTWARE, INC., a subsidiary of ORACLE CORPORATION. Brought under Title VII of the Civil Rights Act of 1964, as

1   amended, and the Age Discrimination in Employment Act, as amended, this action by

2   BEARDSLEY seeks remedies and injunctive relief under each statute based upon a common set

3   of facts and circumstances.

4

5   WHEREFORE, Plaintiff CATHERINE M. BEARDSLEY hereby alleges:

6

7   **PARTIES**

8   1.      Plaintiff CATHERINE M. BEARDSLEY, hereinafter "Plaintiff" or

9   "BEARDSLEY," is now a 66-year old female resident of Arizona, who was employed by

10  ORACLE FINANCIAL SERVICES SOFTWARE, INC. as an Application Sales Representative

11  assigned to a Sales Team  with other Application Sales Representatives located throughout the

12  United States. She was one of two women, both of whom were older, of the eleven members of

13  the Sales Team who sold the same ORACLE products throughout the country.

14  2.      Defendant ORACLE CORPORATION is a computer technology corporation

15  headquartered in the City of Redwood Shores, County of San Mateo, State of California, and is

16  the parent company to Defendant ORACLE FINANCIAL SERVICES SOFTWARE, INC. At all

17  relevant times mentioned herein, Defendant ORACLE CORPORATION maintained offices in

18  the states of California and Arizona, and was conducting business throughout the country.

19  3.      Defendant ORACLE FINANCIAL SERVICES SOFTWARE, INC ("OFSS") is a

20  computer technology company that sells ORACLE's software for financial institutions. OFSS, a

21  corporation headquartered in the City of Edison, in Middlesex County, New Jersey, is a

22  subsidiary of Defendant ORACLE CORPORATION. At all relevant times mentioned herein,

23  Defendant OFSS was conducting business in the states of California, Arizona and throughout the

24  country.

25  4.      At all relevant times mentioned herein Defendants ORACLE FINANCIAL

26  SERVICES SOFTWARE, INC. and ORACLE CORPORATION (hereinafter collectively

27  referred to as "ORACLE" or "Defendants") were conducting business in the states of California

28  and Arizona, as well as throughout the country.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT

5.     Defendants DOES ONE through TWENTY-FIVE are individuals or corporations who are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is responsible in some way for the occurrences herein alleged and Plaintiff's damages herein alleged were caused by each of the Defendants. Plaintiff will seek leave of court to provide the true identities of DOES ONE through TWENTY-FIVE when they become known.

## JURISDICTION

6.     This action is based on federal statutory claims for employment discrimination and harassment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* and the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 *et seq.*

## VENUE AND DIVISION ASSIGNMENT

7.     Venue is proper in this Court based on the Agreement Plaintiff was required to sign as a condition of her employment with ORACLE whereby the parties agreed that "…any legal action or proceeding involving Oracle which is in any way connected with [their] agreement may be instituted in federal court in San Francisco.…" Further, the related case of Mowry v. Oracle America, Inc., et al, Civil Case No. 3:18-cv-07028-VC, brought by the only other woman, also older, on the same Sales Team who was terminated by ORACLE on the same day as Plaintiff has already been filed in this Court. The forum selection provision signed by the parties and the efficiency and convenience factors for the both the courts and the parties support the two cases being processed through the same federal court.

8.     Plaintiff was hired by ORACLE when she resided in Connecticut and attended training in Redwood Shores, California and throughout her employment, she had clients across the country while working out of her home. Later, she worked from her home in Virginia while continuing in the same ASR job, and she now resides in the County of Maricopa, State of Arizona where she worked out of her home for ORACLE until the termination of her employment.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT

9.      In accordance with Northern District of California Local Rule 3.2(e), because the parties consented to the jurisdiction of the federal court in San Francisco, the intradistrict assignment for this case is properly assigned to the San Francisco Division. .

## STATEMENT OF FACTS

10.      Plaintiff was first hired as an Application Sales Representative ("ASR") at ORACLE on December 10, 2011 while she was residing in Connecticut. She went for training in Redwood Shores, California.  Plaintiff was assigned to generate sales for the Oracle Financial Services Analytical Applications ("OFSAA") business unit.  The business unit and Sales Team also included managers and ASRs from other subsidiaries of ORACLE, including employees of another one of ORACLE CORPORATION's subsidiaries, Oracle America, Inc.

While at ORACLE, Plaintiff was assigned to a Sales Team ("Team" or "Sales Team") of eleven individuals, all of whom sold the same products to various clients across the country.

11.      The members of the Sales Team worked remotely and were spread out around the country. Over 50% of Plaintiff's time working for ORACLE was spent traveling for work. When Plaintiff was not traveling, she worked out of her home office in Connecticut, Virginia and, Arizona, each of the locations she lived while working for ORACLE.  Other members of her Sales Team regularly visited each of those states to conduct business and meet with clients on behalf of ORACLE because there was no division of clients among the Team based on regions of the country. All members of the Sales Team were assigned clients from across the country.

12.      On this Sales Team, only two individuals were female; the other nine team members were all male. Both females on the Team were older, ages 64 and 57, respectively, during the events alleged herein.

13.      Plaintiff had significant success in sales for ORACLE as an ASR. Throughout her employment with ORACLE, she contributed over $11 million in net license, plus an additional 22%of the license valued at approximately $2.5 million in annual support to the Company.

14. Despite her success, throughout her time at ORACLE, Plaintiff was subjected to an environment of intimidation and marginalization. Plaintiff's managers, Jason Yesinko and Prince Varma, both males, harassed her, marginalized her work, and challenged her decision-making. Similarly situated younger and / or male employees were not harassed, disciplined, or treated in a similar manner.

15. Plaintiff felt so vulnerable in her position at ORACLE that she did not submit her travel and business expenses for reimbursement because she thought that requesting their approval would make her look bad in the eyes of her managers and subject her to reprimand.

16. Plaintiff performed well for ORACLE throughout her career. In the Fall, 2016, the sales for the Team overall were down. As a consequence, based on information and belief, on or around October 16, 2016, members of Plaintiff's Sales Team, including Plaintiff and the other woman, who was also older, were placed on Performance Improvement Plan ("PIP").

17. In light of her performance, the PIP was unjustified as to Plaintiff. In addition, the PIP given to Plaintiff did not conform to the usual and customary practice in that it did not have an end date or a place for Plaintiff to provide her objections and comments.

18. Prior to the PIP, Plaintiff had received little feedback on her performance at ORACLE, formal or informal. Additionally, prior to the PIP, Plaintiff had not been told that her performance was in any way unsatisfactory.

19. Despite the unwarranted PIP, Plaintiff built a solid pipeline in contracts for ORACLE, including a number of accounts that closed for ORACLE within 60 days after her termination and largely due to Plaintiff's efforts. Because of the nature and size of these contracts, it takes considerable time and effort to ultimately close the deals and enter into a contract with customers. For example, one of the accounts that Plaintiff had been working on for 1.5 years valued at approximately $3 million closed just two months after Plaintiff's termination. Had she been employed at the time of the close, she would have made her sales goal. Not only did she not get credit for the sale but she lost the commissions that were due to her for the sale.

20.     After being placed on the PIP, the discrimination and harassment of Plaintiff continued and intensified. Plaintiff's managers harassed her and began to micromanage her work. Only Plaintiff and the other female ASR on her Team, both of whom were older, were singled out for the discrimination, harassment and marginalization of their work by their managers, while younger and/or male colleagues were left alone.

21.     Plaintiff in good faith performed all of the obligations of her employment agreement, including bringing in significant revenue to ORACLE through her accounts.

22.      Plaintiff was willing, ready and able to perform all work required of her under her employment agreement with ORACLE.

23.     On June 30, 2017, Plaintiff's employment with ORACLE was precipitously terminated. She was 64-years old at the time of her termination.

24.     Despite the fact that the entire Sales Team had been on PIPs, the only other individual who was terminated from the Sales Team at the same time as Plaintiff was the other older female, who was 57-years old at the time of her termination.

25.     Plaintiff is aware of one male ASR from her Sales Team who transferred into a different Sales Organization within ORACLE. Plaintiff was not afforded the same opportunity.

26.     At the time of her termination, Plaintiff had two accounts that were very close to closing and putting her on target to achieve her sales goals. In contrast, two younger male employees who had met significantly less of their quotas for the 2017 fiscal year were retained over Plaintiff.

27.      Even though Plaintiff was on target to achieve her sales goals, she was denied the benefit of her work and was subjected to the pattern of discrimination and harassment.

28.     Following Plaintiff's, and the other female ASR's, termination, their customer accounts were distributed among the men on the Sales Team. Shortly thereafter, largely due to the work that Plaintiff had done on the accounts, several of her former accounts closed in favor of ORACLE. Based on information and belief, the male Supervisors and / or male Team Members received commissions for Plaintiff's work.

29.     Based on information and belief, Plaintiff and the other female ASR who was terminated at the same time were replaced by younger, male ASRs. To Plaintiff's knowledge, there are currently no women on the Sales Team.

30.     Plaintiff timely filed a Charge with the Arizona Attorney General Civil Rights Division and that was crossed filed with the Federal Equal Employment Opportunity Commission regarding Defendants' alleged discriminatory and harassing conduct on or about December 26, 2017.  The Charge is attached to this Complaint as **Attachment A**.

31.     The EEOC issued Plaintiff a Notice-of-Right-to-Sue on or about November 21, 2018 and is attached to this Complaint as **Attachment B**.

### FIRST CLAIM FOR RELIEF
**(Employment Discrimination Based on Sex in Violation of Title VII)**
**(Against ORACLE)**

32.     Plaintiff hereby incorporates by reference paragraphs 1 through 31, inclusive, of this Complaint as though fully set forth herein.

33.     This claim for relief is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. which prohibits discrimination in employment on the basis of sex.

34.     At all relevant times, ORACLE had at least 15 employees, and was therefore an "employer" within the meaning of Title VII.

35.     Plaintiff timely filed charges with the EEOC regarding Defendants' alleged discriminatory and harassing conduct on or about December 26, 2017. The EEOC issued Plaintiff a Notice-of-Right-to-Sue on or about November 21, 2018.

36.     Plaintiff is female.

37.     Plaintiff alleges that her sex, female, was an adverse determining factor in the terms and conditions of her employment and a determining factor in the termination of her employment.

-7-

38.     Among other actions, Defendants acted with the intent of discriminating against Plaintiff because of her sex, female. The discrimination caused Plaintiff harm. The discrimination resulted in Plaintiff being treated differently from similarly situated males and it communicated a hostile message to Plaintiff. The acts of Defendants and the discrimination was designed to interfere, and did interfere, with Plaintiff's performance of her job.  The discrimination adversely affected the terms and conditions of Plaintiff's employment.  Some examples of the discrimination Plaintiff was subjected to because of her sex, are:

a.   Plaintiff was treated differently than other similarly situated male employees in the terms and conditions of her employment for no legitimate business reason;

b.   Plaintiff was held to different performance standards than other similarly situated male employees for no legitimate business reason;

c.   Plaintiff's work efforts were regularly questioned and marginalized. Plaintiff's managers'  micromanaging actions interfered with her work, her ability to do her job, and her ability to pursue her sales efforts;

d.   Other similarly situated males were offered support, guidance, transfers and resources not offered to Plaintiff for no legitimate business reason;

e.   Plaintiff's employment was terminated because of her sex and not for any legitimate business reason.; and

f.   ORACLE failed to follow its policies and practices in regard to Plaintiff, Plaintiff's employment and the termination of Plaintiff's employment for no legitimate business reason.

39.     ORACLE has a pattern and practice of discriminating against women and treating women less favorably in the terms and conditions of their employment than similarly situated male employees for no legitimate business reason. This differential and discriminatory treatment interfered with Plaintiff's ability to do her job and to receive the full benefits of her employment, thereby adversely affecting the terms and conditions of Plaintiff's employment.

40.     As a direct and proximate result of ORACLE'S unlawful conduct as herein alleged, Plaintiff has suffered substantial damages, including lost compensation and benefits, lost career opportunities and loss of reputation in an amount in excess of the jurisdictional minimum of this Court, the precise amount to be proven at trial.

41.     As a further, direct and proximate result of ORACLE'S unlawful conduct as herein alleged, Plaintiff has suffered anguish, humiliation, and emotional distress, the extent of which is not fully known at this time and the damages for which are not yet fully ascertained, but which are in an amount in excess of the jurisdictional minimum of this Court, the precise amount to be proven at trial.

42.     The conduct of ORACLE and its agents and employees, as described herein, was oppressive, fraudulent, and malicious, thereby entitling Plaintiff to an award of punitive damages against Defendant in an amount appropriate to punish and make an example of Defendant.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as hereinafter set forth.

## SECOND CLAIM FOR RELIEF
### (Harassment Based on Sex in Violation of Title VII)
### (Against ORACLE)

43.     By this reference, Plaintiff hereby incorporates paragraphs 1 through 42, inclusive, of this Complaint as if set forth herein.

44.     This claim for relief is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* which prohibits harassment in employment on the basis of sex.

45.     At all relevant times, ORACLE had at least 15 employees, and was therefore an "employer" within the meaning of Title VII.

46.     Plaintiff timely filed charges with the EEOC regarding Defendants' alleged discriminatory and harassing conduct on or about December 26, 2017. The EEOC issued Plaintiff a Notice-of-Right-to-Sue on or about November 21, 2018.

47.     Oracle had a practice of tolerating a hostile work environment and failed to take adequate steps to ensure a harassment-free workplace.

48.     Among other actions, Defendants engaged in the following actions with the intent of harassing Plaintiff because of her sex, female.  The harassment communicated a hostile message to Plaintiff and was designed to interfere, and did interfere, with Plaintiff's job performance.  Some examples of the harassment Plaintiff was subjected to because of her sex, are:

     a.     Plaintiff and the only other female ASR were regularly and routinely singled out and harassed and these actions altered the terms and conditions of her employment for no legitimate business reason;

     b.     Plaintiff's work efforts were regularly questioned and marginalized. Plaintiff's managers' micromanaging actions interfered with her work, her ability to do her job, and her ability to pursue her sales efforts;

     c.     Plaintiff was intimidated into not submitting her expense reports for reimbursement for fear of reprisal from her managers;

     d.     Plaintiff was held to different performance standards than other similarly situated male employees for no legitimate business reason;

     e.     Plaintiff's employment was terminated because of her sex and not for any legitimate business reason; and,

     f.     ORACLE failed to follow its policies and practices in regard to Plaintiff for no legitimate business reason.

49.     Plaintiff was subjected to this harassment by her managers, Jason Yesinko and Prince Varma. As managers, these individuals were acting as managers and authorized agents of ORACLE, and accordingly, ORACLE is liable for their harassment.

50.     As Plaintiff's employer, ORACLE owed a duty to Plaintiff to prevent discrimination and harassment from occurring against her in the workplace.  ORACLE breached its duty to Plaintiff by failing to take any steps to prevent the discrimination and harassment from occurring.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT

51.     As a direct and proximate result of ORACLE's unlawful harassment as herein alleged, Plaintiff has suffered substantial damages, including lost compensation and benefits, lost career opportunities and loss of reputation in an amount in excess of the jurisdictional minimum of this Court, the precise amount to be proven at trial.

52.     As a further, direct and proximate result of ORACLE's unlawful conduct as herein alleged, Plaintiff has suffered anguish, humiliation, and emotional distress, the extent of which is not fully known at this time and the damages for which are not yet fully ascertained, but which are in an amount in excess of the jurisdictional minimum of this Court, the precise amount to be proven at trial.

53.     The conduct of ORACLE and its agents and employees, as described herein, was oppressive, fraudulent, and malicious, thereby entitling Plaintiff to an award of punitive damages against Defendant in an amount appropriate to punish and make an example of Defendant.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as hereinafter set forth.

### THIRD CLAIM FOR RELIEF
**(Employment Discrimination Based on Age in Violation of the ADEA)**
**(Against ORACLE)**

54.     Plaintiff hereby incorporates by reference paragraphs 1 through 53, inclusive, of this Complaint as though fully set forth herein.

55.     This claim for relief is brought pursuant to Age Discrimination in Employment Act, as amended, 29 U.S.C. § 791 *et seq.* which prohibits discrimination in employment on the basis of age.

56.     At all relevant times, ORACLE had at least 20 employees, and was therefore an "employer" within the meaning of the ADEA.

57.     Plaintiff timely filed charges with the EEOC regarding Defendants' alleged discriminatory and harassing conduct on or about December 26, 2017. The EEOC issued Plaintiff a Notice-of-Right-to-Sue on or about November 21, 2018.

58.     Plaintiff was 64-years old at the time of the termination of her employment.

59.     Plaintiff alleges that her age was an adverse determining factor in the terms and conditions of her employment and a determining factor in the termination of her employment.

60.     Among other actions, Defendants engaged in the following actions with the intent of discriminating against Plaintiff because of her age.  The discrimination communicated a hostile message to Plaintiff and was designed to interfere, and did interfere, with Plaintiff's job performance.  The discrimination adversely affected the terms and conditions of Plaintiff's employment.  Some examples of the discrimination Plaintiff was subjected to because of her age are:

    a.   Plaintiff was treated differently than other similarly situated younger employees in the terms and conditions of her employment for no legitimate business reason;

    b.   Plaintiff was held to different performance standards than other similarly situated younger employees for no legitimate business reason;

    c.   Plaintiff's work efforts were regularly questioned and marginalized. Plaintiff's managers' micromanaging actions interfered with her work, her ability to do her job, and her ability to pursue her sales efforts;

    d.   Other similarly situated younger employees were offered support, guidance, transfers and resources not offered to Plaintiff for no legitimate business reason;

    e.   Plaintiff's employment was terminated because of her age and not for any legitimate business reason; and,

    f.   ORACLE failed to follow its policies and practices in regard to Plaintiff for no legitimate business reason.

61.     ORACLE has a pattern and practice of discriminating against older employees and particularly treating older employees less favorably in the terms and conditions of their employment than similarly situated younger male employees for no legitimate business reason. This differential and discriminatory treatment interfered with Plaintiff's ability to do her job and to receive the full benefits of her employment, thereby adversely affecting the terms and conditions of her employment.

62.     As a direct and proximate result of ORACLE'S unlawful conduct as herein alleged, Plaintiff has suffered substantial damages, including lost compensation and benefits, lost career opportunities and loss of reputation in an amount in excess of the jurisdictional minimum of this Court, the precise amount to be proven at trial.

63.     As a further, direct and proximate result of ORACLE'S unlawful conduct as herein alleged, Plaintiff has suffered anguish, humiliation, and emotional distress, the extent of which is not fully known at this time and the damages for which are not yet fully ascertained, but which are in an amount in excess of the jurisdictional minimum of this Court, the precise amount to be proven at trial.

64.     The conduct of ORACLE and its agents and employees, as described herein, was oppressive, fraudulent, and malicious, thereby entitling Plaintiff to an award of punitive damages against Defendant in an amount appropriate to punish and make an example of Defendant.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as hereinafter set forth.

### FOURTH CLAIM FOR RELIEF
**(Harassment Based on Age in Violation of the ADEA)**
**(Against ORACLE)**

65.     By this reference, Plaintiff hereby incorporates paragraphs 1 through 64, inclusive, of this Complaint as if set forth herein.

66.     This claim for relief is brought pursuant to Age Discrimination in Employment Act, as amended, 29 U.S.C. § 791 et seq. which prohibits harassment in employment on the basis of age.

67.     At all relevant times, ORACLE had at least 20 employees, and was therefore an "employer" within the meaning of the ADEA.

68.     Plaintiff timely filed charges with the EEOC regarding Defendants' alleged discriminatory and harassing conduct on or about December 26, 2017. The EEOC issued a Notice-of-Right-to-Sue which was received by Plaintiff on or about November 21, 2018.

69.     Among other actions, Defendants engaged in the following actions with the intent of harassing Plaintiff because of her age. The harassment communicated a hostile message to Plaintiff and was designed to interfere, and did interfere, with her job performance.  Some examples of the harassment Plaintiff was subjected to because of her age, are:

      a.   Plaintiff was treated differently than other similarly situated younger employees in the terms and conditions of her employment for no legitimate business reason;

      b.   Plaintiff's work efforts were regularly questioned and marginalized. Plaintiff's managers' micromanaging actions interfered with her work, her ability to do her job, and her ability to pursue her sales efforts;

      c.   Plaintiff was intimidated into not submitting her expense reports for reimbursement for fear of reprisal from her managers;

      d.   Plaintiff was held to different performance standards than other similarly situated younger employees for no legitimate business reason;

      e.   Plaintiff's employment was terminated because of her age and not for any legitimate business reason; and,

      f.   ORACLE failed to follow its policies and practices in regard to Plaintiff for no legitimate business reason.

70.     Plaintiff was subjected to this harassment by her managers, Jason Yesinko and Prince Varma. As managers, these individuals were acting as agents of ORACLE, and accordingly, ORACLE is vicariously liable for their harassment.

71.     As Plaintiff's employer, ORACLE owed a duty to Plaintiff to prevent discrimination and harassment from occurring against her in the workplace.  ORACLE breached its duty to Plaintiff by failing to take any steps to prevent the discrimination and harassment from occurring.

72.     As a direct and proximate result of ORACLE's unlawful harassment as herein alleged, Plaintiff has suffered substantial damages, including lost compensation and benefits, lost career opportunities and loss of reputation in an amount in excess of the jurisdictional minimum of this Court, the precise amount to be proven at trial.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT

73.     As a further, direct and proximate result of ORACLE's unlawful conduct as herein alleged, Plaintiff has suffered anguish, humiliation, and emotional distress, the extent of which is not fully known at this time and the damages for which are not yet fully ascertained, but which are in an amount in excess of the jurisdictional minimum of this Court, the precise amount to be proven at trial.

74.     The conduct of ORACLE and its agents and employees, as described herein, was oppressive, fraudulent, and malicious, thereby entitling Plaintiff to an award of punitive damages against Defendant in an amount appropriate to punish and make an example of Defendant.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as hereinafter set forth.

## **INJUNCTIVE RELIEF**

75.     By this reference, Plaintiff hereby incorporates paragraphs 1 through 74, inclusive, of this Complaint as if set forth herein.

76.     Plaintiff has suffered irreparable injury and immediate harm due to the acts of Defendants ORACLE CORPORATION AND ORACLE FINANCIAL SERVICES SOFTWARE,INC. Plaintiff has no other legal remedy. In addition to the other relief requested in this Complaint, Plaintiff seeks injunctive relief requiring Defendants to:

    a.  Review Plaintiff's personnel files and remove and destroy all documents that seek to justify the unlawful termination of Plaintiff's employment; and,

    b.  Establish a review process of all employment decisions made during the five years following judgment in this case so as to ensure that Defendants do not discriminate against and/or harass other employees because of their sex and/or age.

//
//
//
//

COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court grants judgment against Defendants ORACLE CORPORATION and ORACLE FINANCIAL SERVICES SOFTWARE, INC. under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* and the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621 *et seq.,* as follows:

    a. Compensatory damages in excess of the jurisdictional minimum of this Court and according to proof at trial pursuant to Plaintiff's First, Second, Third, and Fourth Claims for Relief;

    b. Emotional distress damages in amounts according to proof at trial pursuant to Plaintiff's First, Second, Third, and Fourth Claims for Relief;

    c. Punitive and exemplary damages in amounts according to proof at trial pursuant to Plaintiff's First, Second, Third, and Fourth Claims for Relief;

    d. Attorneys' fees and costs in an amount according to proof at trial pursuant to Plaintiff's First, Second, Third, and Fourth Claims for Relief and for the granting of Injunctive Relief under the applicable statutes (42 U.S.C. § 2000e-5(k) and 29 U.S.C. § 626(b));

    e. Prejudgment interest as provided by law pursuant to Plaintiff's First, Second, Third, and Fourth Claims for Relief;

    f. For an order granting injunctive relief pursuant to Plaintiff's First, Second, Third, and Fourth Claims for Relief requiring Defendant to:

        1. Review Plaintiff's personnel files and remove and destroy all documents that seek to justify the unlawful termination of Plaintiff's employment; and

        2. Establish a review process of all employment decisions made during the five years following judgment in this case so as to insure that Defendant does not discriminate against and/or harass other employees because of their sex and /or age; and,

g.   Any such other and further relief as the Court may deem equitable and
appropriate.

DATED: February 15, 2019             THE LUCAS LAW FIRM


                                     /s/Kathleen M. Lucas_____
                                     Kathleen M. Lucas
                                     Alisha S. Meyer
                                     Attorneys for Plaintiff, Catherine M. Beardsley




## DEMAND FOR JURY TRIAL


As to all claims allowing for trial by jury, Plaintiff hereby demands a trial by jury as
provided by Rule 38(b) of the Federal Rules of Civil Procedure.


DATED: February 15, 2019             THE LUCAS LAW FIRM


                                     /s/Kathleen M. Lucas_____
                                     Kathleen M. Lucas
                                     Alisha S. Meyer
                                     Attorneys for Plaintiff, Catherine M. Beardsley

COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT

# ATTACHMENT A

| **CHARGE OF DISCRIMINATION** Page 1 of 1 | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☒ FEPA ☐ EEOC | PURD·2018·0001 35A·2018·00151C |

## Arizona Attorney General's Office, Civil Rights Division and EEOC
*State or Local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* Ms. Catherine Beardsley | | HOME TELEPHONE NO. *(Include Area Code)* Redaction |
|---|---|---|
| STREET ADDRESS Redaction | CITY, STATE AND ZIP CODE Redaction | DATE OF BIRTH Redaction 1953 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICE SHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME. *(If more than one, list below.)*

| NAME Oracle Financial Services Software, Inc. | NUMBER OF EMPLOYEES/MEMBERS Cat. D | TELEPHONE NUMBER *(Include Area Code)* 732-623-0399 |
|---|---|---|
| STREET ADDRESS 399 Thornall St | CITY, STATE AND ZIP CODE Edison, NJ 08837 | COUNTY Middlesex County |
| NAME Oracle Corporation | | TELEPHONE NUMBER *(Include Area Code)* 650-506-7000 |
| STREET ADDRESS 100 Oracle Pkwy | CITY, STATE AND ZIP CODE Redwood City, CA 94065 | COUNTY San Mateo County |

RECEIVED DEC 26 2017 CIVIL RIGHTS SECTION TUCSON OFFICE

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE EARLIEST *(ADEA/EPA)*   LATEST(ALL) |
|---|---|
| ☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN   ☒ AGE  ☐ RETALIATION   ☐ DISABILITY   ☐ GENETIC TEST RESULTS   ☐ OTHER (Specify) | 04/30/2017  ☐ Continuing Action |

EXPLAIN THE PARTICULARS OF WHAT TOOK PLACE *(If additional space is needed, attach extra sheet(s))*:

**I.    PERSONAL HARM:** I was subjected to different terms and conditions, and subsequently terminated.

**II.   RESPONDENTS REASON FOR ADVERSE ACTION:** None.

**III.  DISCRIMINATION STATEMENT:** I believe Respondent discriminated against me because of my sex, Female, and my age, 64 years (DOB: Redaction 53), in violation of the Arizona Civil Rights Act, as amended, Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967, as amended.  The particulars are:

A.    On or about December 15, 2011, I began my employment with Respondent as a Sales Director, most recently my position was as an Account Sales Representative. My work performance has always been satisfactory.

B.    On or about June 30, 2017 I was terminated from my employment with the pretext that I had not reached my sales goal. I explained to my manager, Jay Yesinko that two deals that I contributed to in a significant way were pending. Shortly after my termination those sales closed and other male employees were compensated for them. I am also aware that Mary Mowry was terminated that day for the same reason. Out of the thirteen people on my sales team, nine did not reach their sales goals. Out of those nine, Respondent terminated the only two older women in the team. Shortly after my termination I became aware that both Ms. Mowry and I were replaced by younger males. I believe Respondent terminated Ms. Mowry and me because of age and sex.

C.    I believe and therefore allege that Respondent discriminated against me because of my sex, Female, and age, 64.

| I want this charge filed with both the EEOC and the state or local agency, if any.  I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my complaint in accordance with their procedures. | Signature of Complainant and Date: *Catherine M Beardsley* 12/26/17 |
|---|---|
| I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief. | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Month, Day, Year)* *Kristhy Duvernuy* 12/26/17 |

6714464/Beardsley/EMP/KKD

# ATTACHMENT B

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:   **Catherine Beardsley**
Redaction

From:   **Phoenix District Office**
**3300 North Central Ave**
**Suite 690**
**Phoenix, AZ 85012**

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 35A-2018-00151 | State & Local L. Program, State & Local Coordinator | (602) 640-5053 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☒  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_(signature)_                                                     Nov. 21, 2018

Enclosures(s)

**Elizabeth Cadle,**
**District Director**

(Date Mailed)

Kathleen Lucas, Esq.
354 Pine Street
Fourth Floor
San Francisco, CA 94104

**ORACLE FINANCIAL SERVICES SOFTWARE INC**
**399 Thornall Street**
**Edison, NJ 08837**